By the Court.—Sedgwick, J.
The action was for *452 damage, alleged by plaintiff to have, been caused by the negligence of defendant’s servants, when she was leaving their ferry boat.
The learned counsel for the appellants maintains, upon exceptions made in due form at the trial, that the evidence for plaintiff, with certain facts stated by defendant’s witnesses that must have been true, did not show any negligence on the part of the defendant’s servants and failed to show that her own negligence did not contribute to the accident.
I am not able to agree with this position, and will state, as briefly as I can, the case, which, on the evidence, sustains the verdict, &c.
The manner in which the accident occurred" is of first importance. The plaintiff walked to the edge of the boat. She there found, that the bridge on which she must go, in leaving the boat, was above the level of the deck about ten inches. She stepped up from the boat, and was assisted by the hand of her escort, who had been on the boat with her and had gone on the bridge before her. She and her witnesses state, that at this point, and when by a possible construction of the evidence, one of her feet was on the bridge and the other foot had left the boat, the bridge was suddenly lowered, by a deck hand of the boat. This caused her to fall upon the bridge at its edge, and in falling the leg that had reached the bridge received a blow that caused the greatest injury of which the plaintiff complains. The leg was not jammed between the boat and the bridge, for at that instant the boat was backing. There was evidence which would have justified the jury in saying that her foothold was lost by the boat backing, but the jury have credited the other version.
The first point then, is, was there any evidence that this cause of the plaintiff’s falling was the result of negligence on the part of the deck hand." He denied *453 that he did lower the bridge, but assuming that plaintiff’s testimony on this point was correct, and considering the general facts of the situation as the deck hand himself swore to them, he was negligent, or at least there was evidence for the jury as to his negligence.
The deck hand was at the wheel which lowered the bridge. He faced the passengers, and he remembers seeing plaintiff as she was proceeding to get off. Some passengers were on the bridge. He had an opportunity to see the plaintiff’s situation. It was his duty to the defendants, and to the passengers, to look about to see if it were prudent to lower the bridge. He knew that letting down the bridge would be an instantaneous matter, and would be likely to overthrow a person stepping on it. The jury would have a right to say, that he did not look to see if any one was in peril from the dropping of a bridge eight inches, or that he did see them and omitted to use any care for their protection.
The next point is, did the case not show that the plaintiff was free from negligence that contributed to the injury % Does it appear that she was prudent when she did not anticipate the lowering of the bridge 1 ¡Negligence on her part as to something that did not contribute to the injury, would not prevent her having a cause of action. On the other hand, it might possibly be, in the present case, that the circumstances which would show that she was negligent as to leaving the boat before it was secured to the bridge, would also show that the circumstances would not justify her in believing that the bridge was not to be lowered to permit passengers to go on shore.
H there were, however, evidence that she was justified in believing that it was otherwise safe to step from the boat, the mere and sole fact of the bridge being higher would not show that there was to be a lowering of it before passengers could leave, either so far as *454 safety was concerned or before the rules of the ferry were observed. The difference in level was not great or dangerous. If the attention of a person of ordinary intelligence were turned to the subject he might think there was no necessity of its being lowered, or perhaps that it could not be lowered further.
Therefore, it is only necessary to examine if there was not evidence to show that the plaintiff was free from negligence, when she assumed from the circumstances that the arrangements had been made which were to be made for the safe exit of the passengers, and, in particular, that the boat was secured to the bridge. If it appeared that the preparations for passengers leaving had not been completed, it might perhaps be careless for her to step on the bridge at all, or to assume at all that it was proper to do so.
The plaintiff and her witnesses testified that as they went towards the end of the boat the chain that barred the passengers’ gangway was down. There is no direct evidence that one of the crew let it down, but from the,, circumstances, if the jury had found that Salters, the deck hand, did, it would not have been against the evidence, although he said he did not. If, however, the chain was down, without fault on the part of the boat, so that it could not be deemed an invitation from defendants’ servants to passengers to proceed, nevertheless there was no warning from a chain barring the way, not to go further. The plaintiff could prudently go on, if she was not negligent thereafter. She had had express notice not to leave the boat until it was secured to the bridge. This notice did not increase or lessen her obligation to observe the situation, and to be careful in her action thereon, and to use her judgment to ascertain if the ferry hands had completed arrangements for leaving. She was bound to use her judgment and be careful, but an erroneous conclusion on her part would not make her negligent.
*455 According to her testimony, supported by other evidence, she found that the boat was close to the bridge, and, in fact, it was chained on her side, tight to the bridge, and was there in permanent contact with the bridge. She stepped off about three feet from the chain. The evidence generally showed that while it was true that at a certain point of time the boat began to back, it is also true that immediately upon that point of time the boat must have been at rest for an unfixed length of "time, during which the inertia of the boat was being overcome by the wheels backing. It was then (the jury might have found) that the plaintiff saw, or thought she saw, the boat close up to the bridge.
The learned counsel for the appellant argues' that the circumstances show that there must have been a gap betwen the boat and the bridge, for the reason that the boat did not go straight into the slip but on an angle, one side of the boat being nearer the bridge than the other. It is true that the must have been a gap. But how large was it 1 If great, there might have been negligence in supposing that the time to land had come. If small, under the circumstances, the jury could say that the plaintiff was justified in believing and testifying that the boat was close to the bridge. The physical facts did not necessarily show that, at a few feet from where the boat was in contact with the bridge, there was such a gap that it could not have escaped observation. If the testimony of the witnesses for defense on this point, was unopposed, the jury would not have been obliged to infer that their description of the size of the gap was accurate, or indeed, that as a fact, they particularly observed how wide it was at the point where the plaintiff stepped off. ISTo data were given, on which a calculation could be made as to the width. The jury were at liberty to find, taking all the circumstances together that as the plaintiff saw that one *456 chain was tight, and the boat was close to the bridge, she was using ordinary prudence in concluding that the boat was secured to the bridge. She was supported by the facts in believing, that when the boat was (as she judged), so placed that the two chains could be tightened up, as one was, the other also was.
I am of opinion, that the plaintiff did show facts which justified the jury in saying that it appeared that her negligence did not contribute with the defendant’s negligence.
The judgment and order should be affirmed, with costs.
Speir and Freedman, JJ., concurred.